## ARGUS SECURITIES, INC. v STEWART

Case No. 89-1376CA

Sixth Judicial Circuit, Pasco County

January 11, 1990

### APPEARANCES OF COUNSEL

**Albert B. Lewis,** for petitioner.

**Merle G. Stewart,** pro se.

### OPINION OF THE COURT

W. LOWELL BRAY, JR., Circuit Judge.

### ORDER DENYING MOTION TO VACATE OR MODIFY ARBITRATION AWARD AND AFFIRMING ARBITRATION AWARD

THIS MATTER came on to be heard upon movant's, ARGUS SECURITIES, INC., (Argus), Motion to Vacate or Modify Arbitration Award pursuant to Florida Statutes 682.13

Respondent, MERLE G. STEWART, (Stewart), purchased certain securities through Argus on September 27, 1983. Stewart subsequently came to believe that Argus had misrepresented the nature and liquidity of the limited partnership purchased through Argus. On January 10, 1988, Stewart filed a Request for Arbitration of the matters with the

National Association of Security Dealers requesting $60,000.00. An arbitration hearing was convened on December 12, 1988. The arbitration panel subsequently entered an award of $10,000.00 in favor of Stewart.

The gravamen of Argus' argument is that the arbitration panel exhibited a manifest disregard of the law in finding in Stewart's favor. More specifically, they argue the award was not in accord with the law because a) the claim was barred by the Statute of Limitations; b) the arbitrators exonerated the Argus employee but held the principal liable; and c) there was a complete failure of proof.

The federal arbitration statute dealing with grounds for vacation of arbitration awards, (9 U.S.C. Section 10), and the analogous provision of Florida Law (Florida Statute 682.13), contain almost parallel grounds. However, Argus cites federal cases wherein "manifest disregard for the law" has been offered as a reason for vacating an arbitration award. Analysis of these cases reveals two things. First, the doctrine of manifest disregard for the law is distinct from, and represents a standard which is higher than, error of law or failure to understand and apply the law. Second, the doctrine is acknowledged to be a federal judicial creation - as close to "federal common law" as is to be found by proponents of that theory of federal jurisprudence.

The issue raised here, whether this court should adopt the federal judicial doctrine of "manifest disregard for the law" and apply it in this case under Florida Statute 682.13(1), seems to be one of first impression. However, some guidance may be found in a recent decision of the Florida Supreme Court. In *Schnurmacher Holding, Inc. v William L. Noriega,* 14 FLW 232 (Fla. May 4, 1989), the court had occasion to examine the entire scheme of Section 682.13(1). In quashing a decision of the 3rd District Court of Appeal, which reversed the trial court's affirmance of an arbitration award, even though the arbitration award was based on an error of law, the Supreme Court opted to adopt a strict construction of the Florida statute governing vacation or modification of arbitration decisions. Thus, the court, by implication, declined to expand the scope of inquiry as to modification or vacation of arbitration awards. The court cited a number of policy reasons previously articulated, the most important of which are the need for finality and the undesirability of prolonged procedures which could result in substitution of a judicial determination contrary to an arbitration decision which the parties had agreed to accept.

Accordingly, this Court finds that it should not adopt the federal judicially created "manifest disregard for the law" doctrine as an

additional reason for the vacation or modification of an arbitrator's award.

Finally, this Court holds that adoption of such an amorphous doctrine as urged by the movant would do violence to the carefully enunciated reasons for vacation of arbitration awards laid out in Section 682.13(1) and its underlying policy, and create confusion and uncertainty in the minds of those who enter voluntarily into arbitration, and it is therefore

ORDERED AND ADJUDGED that movant's prayer for vacation or modification of the arbitration award is denied and the award is affirmed.

Pursuant to 682.15, Florida Statutes, a judgment is hereby entered confirming the decision of the arbitrators and the respondent, MERLE G. STEWART, has and hereby recovers a judgment in the amount of Ten Thousand ($10,000.00) Dollars from the movant, ARGUS SECURITIES, INC., for which let execution issue.

DONE AND ORDERED in Chambers, at New Port Richey, Pasco County, Florida, this 11th day of January, 1990.